# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| FECON, LLC, | ) |
| Plaintiff, | ) Case No. |
| v. | ) JURY DEMAND |
| TENNESSEE VALLEY EQUIPMENT LLC, | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Fecon, LLC ("**Fecon**"), for its complaint against Defendant Tennessee Valley Equipment LLC ("**TVE**"), states as follows:

### SUMMARY AND NATURE OF THE ACTION

1. This is an action for patent and trademark infringement arising from Defendant TVE's unlawful conduct. Fecon is a leading innovator and manufacturer of forestry mulching equipment and related components, and Fecon owns valuable intellectual property, including patents related to highly specialized mulcher teeth and their attachment interfaces. Defendant TVE—without permission—has knowingly copied Fecon's patented mulcher teeth and attachment interface technology and commercialized it. Defendant TVE also has copied and used Fecon's registered FECON trademark without permission in connection with these infringing teeth, thereby trading on Fecon's hard-earned consumer goodwill. Fecon files this lawsuit to put an end to Defendant TVE's knowing and willful infringement of Fecon's patent and trademark rights and to recover damages resulting from Defendant TVE's continuing misconduct.

## PARTIES

2. Fecon is a Delaware limited liability company having an office and principal place of business at 3460 Grant Drive, Lebanon, Ohio 45036.

3. On information and belief, Defendant TVE is a Tennessee limited liability company with a principal place of business at 300 Santa Fe Pike, Columbia, TN 38401.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code, and under the Lanham Act, 15 U.S.C. § 1051 et seq.

5. Subject matter jurisdiction of this Court is conferred by 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and this Court has supplemental jurisdiction for claims arising under state law under 28 U.S.C. § 1367.

6. Venue in this judicial district is proper under 28 U.S.C. § 1400(b) at least because this judicial district is where Defendant TVE resides and where Defendant TVE has committed acts of infringement and has a regular and established place of business.

7. Venue in this judicial district is also proper under 28 U.S.C. § 1391 because Defendant TVE resides in this judicial district and Fecon's trademark claims arose in this district.

8. This Court has personal jurisdiction over Defendant TVE at least because Defendant TVE resides in the State of Tennessee and, specifically, within the jurisdictional boundaries of this judicial district, or, alternatively, at least because, under the Tennessee long-arm statute, Tenn. Code Ann. § 20-2-225(2), the exercise of personal jurisdiction is "not inconsistent with the constitution … of the United States."  Moreover, Fecon's claims for infringement arise at least from Defendant TVE's (1) transacting business in Tennessee, (2)

contracting to supply services or goods in Tennessee, and (3) causing tortious injury by an act or omission in Tennessee. Tenn. Code Ann. § 20-2-223.

## PATENTS-IN-SUIT

9. United States Patent No. D757,124 ("**the D'124 Patent**") is titled "Land Clearing Tool Interface" and issued on May 24, 2016. Attached as Exhibit 1 is a copy of the D'124 Patent.

10. United States Patent No. D791,195 ("**the D'195 Patent**") also is titled "Land Clearing Tool Interface" and issued on July 4, 2017. Attached as Exhibit 2 is a copy of the D'195 Patent.

11. United States Patent No. 9,943,037 ("**the '037 Patent**") is titled "Land Preparation Tool" and issued on April 17, 2018. Attached as Exhibit 3 is a copy of the '037 Patent.

12. United States Patent No. 10,201,130 ("**the '130 Patent**") also is titled "Land Preparation Tool" and issued on February 12, 2019. Attached as Exhibit 4 is a copy of the '130 Patent.

13. United States Patent No. 10,806,094 ("**the '094 Patent**") also is titled "Land Preparation Tool" and issued on October 20, 2020. Attached as Exhibit 5 is a copy of the '094 Patent.

14. Fecon is the owner by assignment of each of the D'124, D'195, '037, '130, and '094 Patents (collectively, the "**Asserted Patents**").

15. In general, the Asserted Patents are directed to land preparation and clearing tools, including the ornamental designs for interfaces of such tools, as well as various components, features, configurations, and mounting mechanisms for such land preparation tools.

# FECON'S REGISTERED TRADEMARK

16. Since at least as early as September 9, 1992, Fecon or its' predecessor in interest have used the trademark FECON in interstate commerce within the United States in connection with, among other things, power-operated mulchers, wood chip shredders, and grinders.

17. Fecon is the owner of Registration No. 3,461,895 for FECON (the "**FECON mark**"), registered July 8, 2008. A copy of the certificate of registration is attached as Exhibit 6.

18. Since September 9, 1992, Fecon has invested extensive capital in the building of consumer goodwill by advertising under the FECON mark online and via other media. Fecon has also built up an extensive business and a global reputation (particularly in the United States) for providing high-quality and reliable goods and services under the FECON mark.

# BACKGROUND FACTS

## *The Business of Fecon*

19. Fecon is the industry leader in forestry mulching attachments.

20. For example, Fecon sells a line of hydraulic mulchers that attach to skid steers—small, rigid-frame, engine-powered machines with lift arms, such as the skid steer model manufactured by John Deere depicted in the below image:



21. Below are images of a Fecon mulcher attachment (left) and a skid steer (right) with the Fecon mulcher attached:

 

22. Fecon also sells various cutting "teeth" that fasten to mulchers. Below are images of three such Fecon teeth:

  

**FGT Double Carbide**          **FGT Severe Duty**          **FGT Samurai Knife**

23. Specifically, these teeth fasten to a mulcher rotor, such as the drum-style rotor depicted in the image below with FGT Samurai Knife teeth (shown in red):



24. As can be seen in the above image, the teeth (red) do not attach directly to the circular rotor but rather attach to "adapters" that are secured to the rotor.

25. The Asserted Patents cover related attachment mechanisms and ornamental designs of related components. For example, below are exemplary Figures 4A and 4B of the '037 Patent, which show the separate tooth (**66**) and adapter (**62**):



26. Because the shapes of the mating portions of the tooth and adapter resemble the letter "V," Fecon and others in the industry commonly refer to these types of teeth as Fecon "V-Back" teeth.

***Defendant TVE's Infringing Conduct***

27. Among other things, Defendant TVE sells aftermarket replacement teeth for mulchers, including replacement teeth with a V-Back design intended to replace genuine Fecon V-Back teeth.

28. Every replacement tooth that Defendant TVE has sold with a V-Back design (the "**Infringing Teeth**") infringes one or more claims of the Asserted Patents.

29. On July 13, 2023, Fecon notified Defendant TVE in writing that it had infringed claims of the D'124, D'195, and '094 Patents, copies of which were enclosed with the letter. Because Defendant TVE also was using the FECON mark in connection with the sale of the Infringing Teeth in a way that created the false impression that the Infringing Teeth originated from Fecon—or that Fecon was somehow connected or associated with the Infringing Teeth—the letter likewise notified Defendant TVE that it had infringed the FECON mark. Attached as Exhibit 7 is a copy of the letter, including its enclosures.

30. To date, however, Defendant TVE continues its infringing and willful conduct unabated. That is, not only does Defendant TVE continue to infringe the FECON mark and the D'124, D'195, and '094 Patents, but Defendant TVE now also infringes the '037 and '130 Patents.

**FIRST CLAIM FOR RELIEF**
**(Infringement of U.S. Patent No. D757,124)**

31. Fecon repeats and incorporates by reference the allegations set forth in the foregoing paragraphs.

32. Defendant TVE has directly infringed the D'124 Patent by making, using, selling, offering for sale in the United States, and/or importing into the United States, during the term of the patent, the Infringing Teeth, in violation of 35 U.S.C. § 271(a).

33. Exhibit 8 shows an exemplary claim chart demonstrating how the Infringing Teeth infringe the D'124 Patent.

34. Defendant TVE had knowledge of the D'124 Patent at least as early as July 2023.

35. At least by selling and offering to sell the Infringing Teeth, which Defendant TVE knew infringed the D'124 Patent, and by instructing and encouraging customers and users to use the Infringing Teeth in a manner that Defendant TVE knew constituted infringement, Defendant TVE induced, and had the specific intent to induce, infringement of the D'124 Patent in violation of 35 U.S.C. § 271(b). Such encouragement included, but was not limited to, oral and/or written instructions to end users provided by Defendant TVE regarding use of the Infringing Teeth with compatible Fecon equipment.

36. Fecon has been damaged by Defendant TVE's direct and indirect infringement, and Fecon is entitled to monetary relief, under either 35 U.S.C. § 284 or 35 U.S.C. § 289, in an amount to be determined at trial.

37. Defendant TVE's infringement of the D'124 Patent has been willful, deliberate, and intentional with full knowledge that the Infringing Teeth infringed the D'124 Patent and that Defendant TVE's conduct amounted to infringement of the D'124 Patent.

38. Unless enjoined, Defendant TVE will continue its infringing acts, thereby causing additional irreparable injury to Fecon for which there is no adequate remedy at law.

39. Because Defendant TVE's infringement has been willful and deliberate, Fecon also is entitled to treble damages under 35 U.S.C. § 284 and to attorneys' fees and costs under 35 U.S.C. § 285.

**SECOND CLAIM FOR RELIEF**
**(Infringement of U.S. Patent No. D791,195)**

40. Fecon repeats and incorporates by reference the allegations set forth in the foregoing paragraphs.

41. Defendant TVE has directly infringed the D'195 Patent by making, using, selling, offering for sale in the United States, and/or importing into the United States, during the term of the patent, the Infringing Teeth, in violation of 35 U.S.C. § 271(a).

42. Exhibit 9 shows an exemplary claim chart demonstrating how the Infringing Teeth infringed the D'195 Patent.

43. Defendant TVE had knowledge of the D'195 Patent at least as early as July 2023.

44. At least by selling and offering to sell the Infringing Teeth, which Defendant TVE knew infringed the D'195 Patent, and by instructing and encouraging customers and users to use the Infringing Teeth in a manner that Defendant TVE knew constituted infringement, Defendant TVE induced, and had the specific intent to induce, infringement of the D'195 Patent in violation of 35 U.S.C. § 271(b). Such encouragement included, but was not limited to, oral and/or written instructions to end users provided by Defendant TVE regarding use of the Infringing Teeth with compatible Fecon equipment.

45. Fecon has been damaged by Defendant TVE's direct and indirect infringement, and Fecon is entitled to monetary relief, under either 35 U.S.C. § 284 or 35 U.S.C. § 289, in an amount to be determined at trial.

46. Defendant TVE's infringement of the D'195 Patent has been willful, deliberate, and intentional with full knowledge that the Infringing Teeth infringed the D'195 Patent and that Defendant TVE's conduct amounted to infringement of the D'195 Patent.

47. Unless enjoined, Defendant TVE will continue its infringing acts, thereby causing additional irreparable injury to Fecon for which there is no adequate remedy at law.

48. Because Defendant TVE's infringement has been willful and deliberate, Fecon also is entitled to treble damages under 35 U.S.C. § 284 and to attorneys' fees and costs under 35 U.S.C. § 285.

## THIRD CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. 9,943,037)

49. Fecon repeats and incorporates by reference the allegations set forth in the foregoing paragraphs.

50. Defendant TVE has directly infringed—literally and/or through the doctrine of equivalents—at least one claim of the '037 Patent by making, using, selling, offering for sale in the United States, and/or importing into the United States, during the term of the patent, the Infringing Teeth, in violation of 35 U.S.C. § 271(a).

51. Exhibit 10 shows an exemplary claim chart demonstrating how the Infringing Teeth infringed at least claim 1 of the '037 Patent.

52. Defendant TVE had knowledge of the '037 Patent at least as early as the filing of this complaint.

53. At least by selling and offering to sell the Infringing Teeth, which Defendant TVE knew met every limitation of at least claim 1 of the '037 Patent, and by instructing and encouraging customers and users to use the Infringing Teeth in a manner that Defendant TVE knew constituted infringement, Defendant TVE induced, and had the specific intent to induce, infringement of the

10

Case 1:25-cv-00046     Document 1     Filed 06/13/25     Page 10 of 19 PageID #: 10

'037 Patent in violation of 35 U.S.C. § 271(b). Such encouragement included, but was not limited to, oral and/or written instructions to end users provided by Defendant TVE regarding use of the Infringing Teeth with compatible Fecon equipment.

54. Fecon has been damaged by Defendant TVE's direct and indirect infringement, and Fecon is entitled to monetary relief in an amount to be determined at trial.

55. Defendant TVE's infringement of the '037 Patent has been willful, deliberate, and intentional with full knowledge that the Infringing Teeth infringed the '037 Patent and that Defendant TVE's conduct amounted to infringement of the '037 Patent.

56. Unless enjoined, Defendant TVE will continue its infringing acts, thereby causing additional irreparable injury to Fecon for which there is no adequate remedy at law.

57. Because Defendant TVE's infringement has been willful and deliberate, Fecon also is entitled to treble damages under 35 U.S.C. § 284 and to attorneys' fees and costs under 35 U.S.C. § 285.

## FOURTH CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. 10,201,130)

58. Fecon repeats and incorporates by reference the allegations set forth in the foregoing paragraphs.

59. Defendant TVE has directly infringed—literally and/or through the doctrine of equivalents—at least one claim of the '130 Patent by making, using, selling, offering for sale in the United States, and/or importing into the United States, during the term of the patent, the Infringing Teeth, in violation of 35 U.S.C. § 271(a).

60. Exhibit 11 shows an exemplary claim chart demonstrating how the Infringing Teeth infringed at least claim 1 of the '130 Patent.

61. Defendant TVE had knowledge of the '130 Patent at least as early as the filing of this complaint.

62. At least by selling and offering to sell the Infringing Teeth, which Defendant TVE knew met every limitation of at least claim 1 of the '130 Patent, and by instructing and encouraging customers and users to use the Infringing Teeth in a manner that Defendant TVE knew constituted infringement, Defendant TVE induced, and had the specific intent to induce, infringement of the '130 Patent in violation of 35 U.S.C. § 271(b). Such encouragement included, but was not limited to, oral and/or written instructions to end users provided by Defendant TVE regarding use of the Infringing Teeth with compatible Fecon equipment.

63. Fecon has been damaged by Defendant TVE's direct and indirect infringement, and Fecon is entitled to monetary relief in an amount to be determined at trial.

64. Defendant TVE's infringement of the '130 Patent has been willful, deliberate, and intentional with full knowledge that the Infringing Teeth infringed the '130 Patent and that Defendant TVE's conduct amounted to infringement of the '130 Patent.

65. Unless enjoined, Defendant TVE will continue its infringing acts, thereby causing additional irreparable injury to Fecon for which there is no adequate remedy at law.

66. Because Defendant TVE's infringement has been willful and deliberate, Fecon also is entitled to treble damages under 35 U.S.C. § 284 and to attorneys' fees and costs under 35 U.S.C. § 285.

## FIFTH CLAIM FOR RELIEF
**(Infringement of U.S. Patent No. 10,806,094)**

67. Fecon repeats and incorporates by reference the allegations set forth in the foregoing paragraphs.

12

Case 1:25-cv-00046 Document 1 Filed 06/13/25 Page 12 of 19 PageID #: 12

68. Defendant TVE has directly infringed—literally and/or through the doctrine of equivalents—at least one claim of the '094 Patent by making, using, selling, offering for sale in the United States, and/or importing into the United States, during the term of the patent, the Infringing Teeth, in violation of 35 U.S.C. § 271(a).

69. Exhibit 12 shows an exemplary claim chart demonstrating how the Infringing Teeth infringed at least claim 1 of the '094 Patent.

70. Defendant TVE has had knowledge of the '094 Patent at least as early as July 2023.

71. At least by selling and offering to sell the Infringing Teeth, which Defendant TVE knew met every limitation of at least claim 1 of the '094 Patent, and by instructing and encouraging customers and users to use the Infringing Teeth in a manner that Defendant TVE knew constituted infringement, Defendant TVE induced, and had the specific intent to induce, infringement of the '094 Patent in violation of 35 U.S.C. § 271(b). Such encouragement included, but was not limited to, oral and/or written instructions to end users provided by Defendant TVE regarding use of the Infringing Teeth with compatible Fecon equipment.

72. Fecon has been damaged by Defendant TVE's direct and indirect infringement, and Fecon is entitled to monetary relief in an amount to be determined at trial.

73. Defendant TVE's infringement of the '094 Patent has been willful, deliberate, and intentional with full knowledge that the Infringing Teeth infringed the '094 Patent and that Defendant TVE's conduct amounted to infringement of the '094 Patent.

74. Unless enjoined, Defendant TVE will continue its infringing acts, thereby causing additional irreparable injury to Fecon for which there is no adequate remedy at law.

75. Because Defendant TVE's infringement has been willful and deliberate, Fecon also is entitled to treble damages under 35 U.S.C. § 284 and to attorneys' fees and costs under 35 U.S.C. § 285.

## SIXTH CLAIM FOR RELIEF
**(Trademark Infringement under the Lanham Act)**

76. Fecon repeats and incorporates by reference the allegations set forth in the foregoing paragraphs.

77. After Defendant TVE realized both the monetary and commercial value of the FECON mark and also that use of the mark would confuse and deceive consumers into believing that the persons or entities using similar names in advertising were, in reality, Fecon, Defendant TVE conceived a scheme to confuse and deceive consumers at least as to the affiliation, connection, or association of Defendant TVE with Fecon, as well as the origin, sponsorship, and approval by Fecon of Defendant TVE's products.

78. In fact, Defendant TVE—in carrying out its scheme to deceive and confuse consumers—has adopted the FECON mark for goods, i.e., the Infringing Teeth, that are deceptively similar in appearance to the goods with which Fecon itself uses the FECON mark.

79. The scheme includes Defendant TVE's use of the FECON mark in connection with the marketing and sale of the Infringing Teeth, including in advertising of the Infringing Teeth and also in post-sale communications to purchasers of the Infringing Teeth, such as related receipts and/or invoices.

80. Use of the FECON mark by Defendant TVE is a direct appropriation of Fecon's mark and constitutes trademark infringement and/or unfair competition. Defendant TVE's infringing use of the FECON mark has already misled consumers into purchasing the Infringing Teeth under the false belief that such Infringing Teeth were genuine Fecon products. If Defendant

14

TVE is permitted to continue to use the FECON mark, relevant consumers will continue to be defrauded, deceived, and confused. Fecon by such use will be deprived of the value—resulting from the care, skill, industry, investment of capital, and extensive advertising—of the goodwill that Fecon has acquired from the use of the mark now appropriated by Defendant TVE.

81. Unless restrained by this Court, Defendant TVE's continued use of the FECON mark will result in direct and irreparable damage to Fecon, and Fecon will lose the benefit of the advertising and goodwill for which Fecon has paid and will lose revenue from diverted business. So long as Defendant TVE continues to use the FECON mark, consumers will continue to be confused, and Fecon will continue to sustain a monetary loss and suffer irreparable harm.

82. Due to Defendant TVE's infringement of the FECON mark, Fecon is entitled to monetary relief, pursuant to 15 U.S.C. § 1117(a), in an amount to be determined at trial.

83. Because Defendant TVE's infringement has been willful and deliberate, Fecon also is entitled to enhanced damages and attorneys' fees, under 15 U.S.C. § 1117(a).

### SEVENTH CLAIM FOR RELIEF
**(Federal Statutory Unfair Competition)**

84. Fecon repeats and incorporates by reference the allegations set forth in the foregoing paragraphs.

85. Defendant TVE has knowingly and willfully used Fecon's FECON mark despite knowing that Fecon owns and controls the lawful use of the mark.

86. Defendant TVE's acts constitute unfair competition in violation of § 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

87. Fecon has been damaged by Defendant TVE's misconduct, and Fecon is entitled to monetary relief, pursuant to 15 U.S.C. § 1117(a), in an amount to be determined at trial.

88. Unless enjoined, Defendant TVE will continue its misconduct, thereby causing additional irreparable injury to Fecon for which there is no adequate remedy at law.

89. Because Defendant TVE's infringement has been willful and deliberate, Fecon also is entitled to enhanced damages and attorneys' fees, under 15 U.S.C. § 1117(a).

## EIGHTH CLAIM FOR RELIEF
### (Common Law Trademark Infringement)

90. Fecon repeats and incorporates by reference the allegations set forth in the foregoing paragraphs.

91. Defendant TVE's acts constitute trademark infringement under Tennessee common law.

92. Fecon has been damaged by Defendant TVE's infringement, and Fecon is entitled to monetary relief in an amount to be determined at trial.

93. Unless enjoined, Defendant TVE will continue its infringing acts, thereby causing additional irreparable injury to Fecon for which there is no adequate remedy at law.

## NINTH CLAIM FOR RELIEF
### (Tennessee Consumer Protection Act—Tenn. Code Ann. § 47-18-104 et seq.)

94. Fecon repeats and incorporates by reference the allegations set forth in the foregoing paragraphs.

95. Defendant TVE's acts constitute unfair and deceptive acts under the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-104.

96. Fecon has been damaged by Defendant TVE's misconduct, and Fecon is entitled to monetary relief in an amount to be determined at trial.

97. Unless enjoined, Defendant TVE will continue its infringing acts, thereby causing additional irreparable injury to Fecon for which there is no adequate remedy at law.

## TENTH CLAIM FOR RELIEF
### (Tennessee Trademark Act— Tenn. Code Ann. § 47-25-501 et seq.)

98. Fecon repeats and incorporates by reference the allegations set forth in the foregoing paragraphs.

99. Defendant TVE's acts constitute trademark infringement under the Tennessee Trademark Act, Tenn. Code Ann. § 47-25-501 et seq.

100. Fecon has been damaged by Defendant TVE's infringement, and Fecon is entitled to monetary relief in an amount to be determined at trial.

101. Unless enjoined, Defendant TVE will continue its infringing acts, thereby causing additional irreparable injury to Fecon for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Fecon respectfully prays for judgment and relief against Defendant TVE, including:

A. Adjudging that Defendant TVE has infringed one or more claims of each of the D'124, D'195, '037, '130, and '094 Patents;

B. Adjudging that Defendant TVE has infringed Fecon's FECON mark;

C. Adjudging that Defendant TVE has engaged in unfair competition and deceptive trade practices;

D. Permanently enjoining Defendant TVE, its officers, agents, suppliers, distributors, servants, employees, successors, assigns, and all persons acting in concert or participation with Defendant TVE from continuing acts of infringement of the D'124, D'195, '037, '130, and '094 Patents;

E. Permanently enjoining Defendant TVE, its officers, agents, suppliers, distributors, servants, employees, successors, assigns, and all persons acting in concert or participation with

Defendant TVE from using the FECON mark on or in connection with any business, service, or the sale, offering for sale, distribution, advertising, promotion, labeling, or packaging of any services or goods, or for any commercial purpose whatsoever;

F. Awarding Fecon damages attributable to Defendant TVE's wrongful conduct, together with pre-judgment and post-judgment interest;

G. Awarding Fecon enhanced damages for Defendant TVE's willful infringement under 35 U.S.C. § 284;

H. Adjudging this case to be exceptional under 35 U.S.C. § 285 and 15 U.S.C. § 1117;

I. Awarding Fecon its costs and reasonable attorneys' fees; and

J. Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Fecon demands a trial by jury for all issues so triable.

Dated: June 13, 2025                               Respectfully submitted,


                                                   **FROST BROWN TODD LLP**


                                                   */s/ Lucas T. Elliot*
                                                   Lucas T. Elliot (037084)
                                                   150 3rd Avenue South, Suite 1900
                                                   Nashville, TN 37201
                                                   Tel: (615) 251-5565
                                                   Email: lelliot@fbtlaw.com


                                                   John F. Bennett (*pro hac vice* to be filed)
                                                   Paul M. Ulrich (*pro hac vice* to be filed)
                                                   Paul J. Linden (*pro hac vice* to be filed)
                                                   Derek M. Freitas (*pro hac vice* to be filed)
                                                   301 East Fourth Street, Suite 3300
                                                   Cincinnati, Ohio 45202
                                                   (513) 651-6423
                                                   (513) 651-6432
                                                   (513) 651-6135
                                                   (513) 651-6978
                                                   Email: jbennett@fbtlaw.com
                                                   Email: pulrich@fbtlaw.com
                                                   Email: plinden@fbtlaw.com
                                                   Email: dfreitas@fbtlaw.com